UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA – LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, ET AL. | CIVIL ACTION NO: 26-CV-03836 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| BRANDON NOUHAVANDI, ET AL. | MAGISTRATE JUDGE THOMAS P. LEBLANC |

**SUSAN YANOW'S UNOPPOSED MOTION TO**
**SEAL AND REDACT PRIVATE PERSONALLY IDENTIFYING INFORMATION**

To protect her private and personally identifying information, Susan Yanow respectfully asks the Court (1) to seal the unredacted version of the State of Arkansas's proof of service for Yanow found at R. Docs. 29 and 29-1 (filed on November 9) and (2) to file the redacted version of the same proof of service attached as **Exhibit A** into the record instead. On November 11, undersigned counsel conferred via email with all counsel for the State of Louisiana, the State of Arkansas, and the State of Alabama (the States) about the relief requested in this motion, and the States' counsel confirmed they do not oppose or object to the relief requested.

This case concerns the States' efforts to restrict access to reproductive healthcare services and medications via telemedicine or telehealth procedures, which can be a divisive subject in today's political climate. Calling medications like mifepristone and misoprostol "abortion drugs" throughout their complaint, which also includes graphic images and a content warning, the States sued 30 different defendants and claim all of them have indiscriminately violated federal common law and each State's unfair or deceptive trade practices statutes.[1]

Based on only the information in the States' complaint, the States sue Yanow as the

[1] *See generally* R. Doc. 1 at 9–15, 84–97 ¶¶ 22–52, 204–59.

"director of community engagement" for co-defendant Cambridge Reproductive Health Consultants, Inc., colloquially called "The MAP."[2] According to the complaint (and incorporated exhibits), when the U.S. Supreme Court vacated a Fifth Circuit ruling that "stopp[ed] telemedicine abortions" and Justice Alito dissented from his colleagues' decision, Yanow was "so happy."[3] And when court rulings like the Fifth Circuit's did not impact healthcare workers' abilities to provide misoprostol, "Yanow deployed volunteers to pack mailers with jars of misoprostol."[4]

Yanow's personal home address is not relevant to any of these actions or the States' allegations against her. But the States' as-filed proof of service leaves her personal information in this Court's public record at a time when pro-choice advocates are frequently "doxxed" and therefore targeted for harassment, or worse.[5] Judicial opinions—here and around the country—are filled with accounts of violence and threats of violence against abortion advocates and providers, including at their homes.[6] For this reason, such litigants may often proceed anonymously.[7]

Here, however, Yanow asks only that the Court seal the unredacted version of the States'

---

2 R. Doc. 1 at ¶ 24.

3 R. Doc. 1-1 at 9.

4 R. Doc. 1-1 at 8; *but see* R. Doc. 1 at 28 ¶ 85 (alleging Yanow "deploys volunteers to package abortion drugs" (cleaned up)).

5 *E.g.*, Barbara Rodriguez, *Protesters Target Organizers for Abortion Ballot Measure in Arkansas* (June 24, 2024), https://arkansasadvocate.com/2024/06/24/protesters-target-organizers-for-abortion-ballot-measure-in-arkansas/; Avi Asher-Schapiro & Anastasia Moloney, *US Abortion Advocates Face Doxxing as Data Scavenged Online*, Reuters (Aug. 1, 2023, 10:30 AM), https://www.reuters.com/article/business/healthcare-pharmaceuticals/feature-us-abortion-advocates-face-doxxing-as-data-scavenged-online-idUSL8N39E8D3/.

6 *See*, *e.g.*, *June Med. Servs. v. Kliebert*, 158 F. Supp. 3d 473, 497–99 (M.D. La. 2016) (detailing threats of violence at healthcare providers' offices and homes); *Planned Parenthood of Wis. v. Van Hollen*, 94 F. Supp. 3d 949, 982–83 (W.D. Wis. 2015) (healthcare providers describing picketing at their homes and cars vandalized in their driveways).

7 *See, e.g.*, *Women's Health Ctr. of W. Va. v. Sheth*, No. 2:23-cv-00079, 2023 WL 2054280 (S.D. W. Va. Feb. 16, 2023) (granting motion to pursue case under pseudonym); *June Med. Servs.*, 158 F. Supp. 3d at 498 (describing precautions taken during trial, including by allowing physicians to testify from behind a screen).

proof of service currently found at R. Docs. 29 and 29-1 and replace it with the slightly redacted version of the same proof of service attached as **Exhibit A**.

When considering whether to seal a document, courts in the Fifth Circuit must "undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" because the "common-law right [to inspect judicial records] is not absolute."[8] The Supreme Court has warned that inspection of court records may not be used "to gratify private spite or promote public scandal."[9] The court must also consider whether "alternative measures, such as redaction," would protect the privacy interests at stake.[10]

"Individuals have substantial privacy interests in their personal information . . . sufficient to outweigh the public interest in disclosure."[11] For example, in *Gee v. Women's Health Care Center*, another case related to medical abortion services in Louisiana, the magistrate judge balanced the public's right of access with the individual right to privacy by granting a motion to redact private home addresses from the record.[12] This Court has also ordered redaction of private, personally identifying information, such as defendants' home addresses, telephone numbers, and email addresses, in various contexts.[13]

---

8 *Compare June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (cleaned up), *with Mach Flynt v. Veritiv Operating*, No. 24-CV-01444, 2025 WL 56333, at *1 (W.D. La. Jan. 9, 2025).

9 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (quotation marks and citation omitted).

10 *United States v. Pierce*, No. 26-147-01, 2026 WL 2164763, at *2 (W.D. La. July 27, 2026) (quoting multiple Fifth Circuit cases).

11 *Ruiz v. City of Austi*n, No. 24-cv-1048, 2025 WL 5241280, at *1 (W.D. Tex. Sept. 25, 2025) (ordering redaction of plaintiff's residential address, phone number, and email address).

12 No. 18-4793, 2019 WL 2617109, at *6 (E.D. La. June 25, 2019) (Wilkinson, M.J.).

13 *E.g.*, *Missouri v. Bide*n, No. 22-cv-01213, 2022 WL 18143894, at *4 (W.D. La. Nov. 17, 2022) (granting protective order seeking to redact defendants' personal addresses, telephone numbers, and email addresses); *Pierc*e, 2026 WL 2164763, at *2 ("[T]he Court finds public filing of [redacted] exhibits addresses Defendant's concerns while upholding the public's right to access judicial records.").

Yanow seeks the same result. To balance the public's right of access to this Court's docket, more generally, with her individual right to privacy, she offers the Court a redacted version of the States' proof of service that hides only her home address. Because Yanow's home address is "unrelated to the merits of [her] case or any substantive content of the filings," her request does not harm the public in any way.[14] And on the other side of the scale, the little effort involved in redaction offers her meaningful protection from needless harassment or violence.

For all these reasons, Yanow respectfully requests that the Court grant this motion and order the Clerk of Court (1) to seal the unredacted version of the State of Arkansas's proof of service for Yanow found at R. Docs. 29 and 29-1 (filed on November 9) and (2) to file the redacted version of the same proof of service attached as **Exhibit A** into the record instead.

Respectfully submitted,

*s/ Megan E. Koch*

Judy Y. Barrasso, 2814
Chloé M. Chetta, 37070
Megan M. King, 41808
Megan E. Koch, 41815
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
jbarrasso@barrassolaw.com
cchetta@barrassolaw.com
mking@barrassolaw.com
mkoch@barrassolaw.com

*Counsel for Susan Yanow*

---

[14] *Ruiz*, 2025 WL 5241280, at *2; *see also Pierce*, 2026 WL 2164763, at *2 (finding redacted exhibit "addresses [the movant's] concerns while upholding the public's right to access judicial records").